919 F.2d 139
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Brett Marvin RANDALL, Defendant-Appellant.
 No. 89-7195.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 24, 1990.
Decided Nov. 21, 1990.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Norman P. Ramsey, District Judge. (CR-86-169-R)
 Stanley K. Joynes, Rilee, Cantor, Arkema & Edmonds, Richmond, Va., for appellant.
 Susan Moss Ringler, Assistant United States Attorney, United States Attorney's Office, Baltimore, Md., for appellee.
 D.Md.
 REMANDED.
 Before PHILLIPS and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Marvin Brett Randall, a Maryland inmate, is currently serving a 12-year sentence for bank robbery. Prior to trial and prior to incarceration, Randall was ordered to reside at Second Genesis, a drug treatment facility, under certain conditions. Randall was to remain at all times on the premises of Second Genesis and was not authorized to leave the facility except for court appearances or meetings with counsel. After being incarcerated Randall filed a "Motion for Nunc Pro Tunc and Post-Sentence Jail Credit" with the district court. He asserted that he should receive credit for the amount of time spent at Second Genesis. The district court held that it had "no authority" to grant relief. Randall noted a timely appeal. Because there is an apparent split of authority on the merits of Randall's claim, we appointed counsel and ordered that the case be calendared for oral argument.
 
 
 2
 Randall's appointed counsel moved to treat Randall's appeal as an appeal from the denial of a petition for a writ of habeas corpus or mandamus, or as an original proceeding for the issuance of either writ. The government responded, opposing Randall's motion and moving to dismiss or, alternatively, to transfer this case to the District Court for the Eastern District of Virginia, which has jurisdiction over Randall's custodian.
 
 
 3
 Because Randall is not contesting his conviction but only the proper computation of his time in custody, we conclude that the government is correct in stating that the District Court for the Eastern District of Virginia is the proper forum to hear Randall's petition. See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 495 (1973).
 
 
 4
 This case is remanded to the District Court for the District of Maryland with directions to transfer it to the District Court for the Eastern District of Virginia.
 
 
 5
 The District Court for the Eastern District of Virginia is directed to treat Randall's pro se application for credit as a petition for a writ of habeas corpus; to convene his custodian, the warden of the federal correctional facility at Petersburg, Virginia, as a party defendant; and to permit upon request amendment of the pro se application.
 
 
 6
 The motions filed by Randall in this court are denied.
 
 
 7
 The clerk is directed to issue the mandate forthwith and to send a copy of this opinion to the District Court for the Eastern District of Virginia.
 
 
 8
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 9
 REMANDED WITH DIRECTIONS.